```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

Michael Akey,                        :
      Plaintiff,                :
                             :
   v.                                :      File No. 1:05-CV-331
                             :
Karen Haag, Samantha                 :
Clark,                               :
      Defendants.               :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
#### (Papers 28, 37 and 38)

Plaintiff Michael Akey, proceeding *pro se* and *in forma pauperis*, claims that while he was incarcerated in a Vermont prison the defendants wrongfully deprived him of contact with his family. The defendants have moved to dismiss, arguing that Akey failed to exhaust administrative remedies. For the reasons set forth below, I recommend that the defendants' motion to dismiss be DENIED.

### Factual Background

Akey alleges that between July 20, 2005 and his filing date on December 23, 2005, defendants Karen Haag and Samantha Clark denied him contact with his family. During that time, Akey was both incarcerated and on parole, and Haag was his parole officer. Akey's primary legal claim is that the defendants violated his right to

freedom of association under the First Amendment. He also claims sexual harassment and violation of privacy.

The defendants now move for summary judgment, arguing that Akey failed to exhaust the prison grievance procedure. Specifically, the defendants contend that while Akey tried to exhaust each step of the grievance procedure, his final grievance was returned for failure to attach the preceding grievances. The defendants have submitted an affidavit from a prison Hearings Administrator stating that Akey never re-submitted his final grievance with the required attachments.

In response to the defendants' motion, Akey has provided the Court with a grievance form that he allegedly re-submitted after his first effort was rejected. This form includes an acknowledgment of receipt by prison personnel. Akey submitted the form ato the Vermont Department of Corrections ("DOC") approximately 13 days prior to the date on his federal complaint, and 17 days prior to the Court's receipt of his complaint.

In their reply memorandum, the defendants stand by their witness's statement that no such grievance was ever

received.  In the alternative, the defendants argue that even assuming such receipt, Akey did not allow a reasonable time for the Commissioner to respond to his grievance as allegedly required under the applicable agency directive.  Accordingly, the issues presented at summary judgment are (1) whether the Commissioner received Akey's grievance, and (2) whether Akey was required to allow more time for a response before filing suit.

I.  Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997).

In determining whether there is a genuine issue as to any material fact, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson, 477 U.S. at 255.  Moreover, because Akey is proceeding *pro se*, the Court must read his submissions liberally "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); Salahuddin v. Coughlin, 999 F. Supp. 526, 535 (S.D.N.Y. 1998).

II.  Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") states, in relevant part, that a prisoner may not file suit under § 1983 "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement set forth in § 1997e applies to all prison condition suits, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  The defendants bear the burden of proving Akey's failure to exhaust.  See Martin v. Gold, 2005 WL 1862116, at *5 (D. Vt. Aug. 4, 2005).

4

The Second Circuit has set forth a three-part inquiry in cases where a prisoner seeks to counter a defendant's contention that he has failed to exhaust administrative remedies as required by the PLRA. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact available to the prisoner. . . .  The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, . . . or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. . . .  If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

Id. (citations and quotation marks omitted).

In this case, it is clear that administrative remedies were available, and that the defendants have asserted lack of exhaustion as an affirmative defense. (Paper 39).  The DOC has a multi-step grievance procedure

5

available to all inmates.  See generally Affidavit of John Murphy (Paper 30-1).  According to DOC Directive 320.01, an inmate initiates the grievance procedure by filing a Grievance Form #1 with the local facility.  A DOC staff member investigates the grievance and issues a response using Grievance Form #2.  This response is to be submitted to a work site manager within 15 workdays from the date the grievance was assigned. (Paper 30-2).

If the inmate is not satisfied with the investigator's response, or if the grievance is deemed denied because staff has not responded within an appropriate time, the inmate may file a Grievance Form #3 with the DOC Commissioner.  The Commissioner will then require a second investigation, and will respond to the inmate within a reasonable time.  If the inmate is still not satisfied, he may consider the administrative procedure exhausted.  (Papers 30-2 and 30-3).

According to John Murphy, a DOC Hearings Administrator, Akey "submitted a Grievance Form #3 setting forth concerns with his parole officer and restrictions allegedly placed on his ability to contact family members on November 22, 2005."  (Paper 30-1 at 2).

Akey's form, however, was not accompanied by Grievance Form's #1 and #2 as required, and was therefore "returned to him with instructions on how to proceed."  Id.  Murphy further states that "[t]here is no record that Mr. Akey ever properly resubmitted a Grievance Form #3 on the issues mentioned above."  Id.

In response to Murphy's statements, Akey has filed a copy of a Grievance Form #3 dated December 6, 2005. (Paper 32-2).  The substance of the grievance addresses restrictions on Akey's contacts with family, and accuses Haag of "abusing her power."  Id.  DOC staff member Justin Bell signed the form as "Staff Member Receiving this Appeal."  Id.

The defendants have not explained why the December 6, 2005 does not appear in the DOC database of filings. Viewing the facts in a light most favorable to the nonmoving party, Akey delivered a Grievance Form #3 to DOC personnel, thereby relieving him of any further obligations under the grievance system.  See Gay v. Correctional Med. Servs., 2007 WL 495241, at *2-*3 (D. Vt. Feb. 9, 2007) (DOC appears to require staff to forward Grievance Form #3 to Commissioner).  If DOC staff

7

failed to deliver the Grievance Form #3, they are either estopped from relying an the exhaustion defense, or this case "presents a special circumstance suggesting the prisoner attempted to comply with administrative procedural requirements."  Id. at *3 (citations omitted). Alternatively, and to the extent that the parties dispute Akey's completion and delivery of a Grievance Form #3, the question is a factual matter that is material to the issue of exhaustion, and summary judgment on that issue should not be granted.

   The defendants argue in the alternative that, even assuming the proper filing of a Grievance Form #3, Akey did not allow the Commissioner a reasonable time to respond.  Akey filed his first Grievance Form #3 with the Commissioner's office on November 22, 2005.  His second Grievance Form #3 is dated December 6, 2005, and his complaint in this case is dated December 19, 2005.  His filings were received by this Court on December 23, 2005, and after the Court granted his motion to proceed in forma pauperis, the complaint was filed on December 29, 2005.  Akey indicates on the second Grievance Form #3 that, as of January 11, 2006, he had still received no

response.

The relevant DOC directive requires the Commissioner to respond in writing "in a reasonable time." (Paper 30-3 at 2). The DOC's directives also provide that "[i]f, after any phase in the grievance process, the grievance has not been responded to within the prescribed time frames, the offender may assume the grievance has been denied . . . ." (Paper 30-2 at 2). The law of this Circuit requires that an inmate completely exhaust the administrative procedure before filing suit. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).

Akey's first Grievance Form #3, filed over one month prior to the filing of his lawsuit, was rejected by the Commissioner's office for failure to strictly comply with the DOC's rules. His second Grievance Form #3 was arguably completed approximately two weeks prior to his filing suit.[1] On the issue of reasonableness, the DOC directives suggest, in the context of responding to a Grievance Form #1, that 15 days is an appropriate amount of time in which to conduct a full investigation. (Paper

---

[1] The Court acknowledges that the complaint is dated December 19, 2005, but it is not clear when Akey actually submitted the document for filing. Therefore, the Court can only rely upon the date on which it received his filings.

9

30-3 at 2). Moreover, in the prison context generally, a failure to respond within 15 days is deemed sufficient for a prisoner to deem his grievance denied. See United States v. Felipe, 1996 WL 409181, at *2-*3 (S.D.N.Y. July 19, 1996).

Here, the Commissioner's office had notice of Akey's claim in November, 2005. Even if the Commissioner first received notice of the grievance shortly after the second filing on or about December 6, 2005, it would not have been unreasonable for Akey to file suit on December 23rd, over 15 days later, due to a lack of response. Indeed, given the DOC's claim that the Commissioner never received the second filing, it is clear that no response was forthcoming. Based upon these facts, I recommend that the defendants' motion for summary judgment (Paper 28) on the ground of lack of exhaustion be DENIED.

III. Motions to Amend

Akey has also filed a motion to amend his reply to the summary judgment motion (Paper 37), and a motion to amend his complaint (Paper 38). The motions are unopposed. Furthermore, the defendants have answered the amended complaint, and correctly concede in their answer

that the amendments set forth essentially the same claims as alleged in the original complaint.  The unopposed motions (Papers 37 and 38) are, therefore, GRANTED.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion for summary judgment (Paper 28) be DENIED.  Akey's motions to amend his reply (Paper 37) and to amend the complaint (Paper 38) are GRANTED.

Dated at Burlington, in the District of Vermont, this 30th day of March, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).